MR. JUSTICE SHEEHY,
dissenting:
I dissented in Yearout, 719 P.2d at 1260-1261, and I dissent here for the same reasons.
The practice of insurers in the state (and it is a practice) to force employees to obtain attorneys in order to get their rightful benefits, and then to confess liability at or near the time of trial ought to be condemned by us and prohibited by the assessment of penalties and attorney fees. This Court reads Section 39-71-611, MCA too narrowly when it requires an actual adjudication before it will assess the penalties.
The intent and purpose of the Workers’ Compensation Act is to make some provision to the worker for his economic loss brought about by his injuries. Rarely does he recover the whole amount of his loss. When a recalcitrant insurer delays and denies his benefits, and forces him to the Workers’ Compensation Court to obtain his rights, at that point he should be entitled to the penalties if his cause is just. Our refusal of those penalties is another economic loss *70 to the worker because he must then bear the expense of his litigation. I cannot believe that result is what the legislature intended.